Thank you. Good morning. My name is Mark Andrews. I'm here this morning for Minchumina Natives, Incorporated, the Appellant Corporation. The case has been distilled down to a fairly narrow question. Is the Appellant Corporation, now before the Court, a native village corporation for purposes of the Alaska Revival Selection? Is that the question? Or, personally, you haven't had an opportunity to write anything about that, so you can see whether you want to or not. But there's also the question of whether, even if it isn't, whether it is or isn't one, there was a reinstatement, and maybe the corporation made a mistake, and how that factors into the problem. Even if they're not a native village corporation, there still has been a reinstatement of the corporation, which is a slightly different question. That's true, and that is one of my points this morning, that the state agency charged with administering this aspect of the Alaska Native Places Settlement Act, interpreting the statute, has issued reinstatement papers, whatever the government might argue. Well, that's interesting, but so what? So? So, I mean, that's a question of state law, so under the state law, they are reinstated. That doesn't tell us whether or not they're entitled to take advantage of the statute of provision that says they shall be entitled to have actions taken when they were before reinstatement, as if they had never been disenfranchised. Well, it disposes of it, in effect, on this record. Why? In its supplemental brief, Interior does not dispute that the valid reinstatement of a native village corporation pursuant to this statute, the revival statute, would be retroactively applicable. Also, nowhere does the Department argue that retroactive means something other than its ordinary meaning. The Department simply does not put that in play. Well, Mr. Hans, it appears to me that we may be talking about different corporations, and I would very much appreciate it if you could explain to me which corporation was reinstated, because I see the history of the various efforts to incorporate as involving for-profit corporations and a non-profit corporation. And the district court thought that what you were trying to do was to substitute the non-profit for the for-profit corporation. And I would very much appreciate it if you could enlighten us as to why the district court was wrong in thinking that what you did was sort of a sleight of hand to reinstate a different corporation in order to take advantage of the Alaska retroactivity statute. Do you understand my question? I think so, and I'll try to address that directly. Yes, a new non-profit corporation entitled Michoud and Natives Inc. was incorporated after this litigation started in the fall of 2004. Now, Michoud and Natives Inc. and Incorporated, because Inc. is a common abbreviation for Incorporated, have been simultaneously used as the name for the original profit organization, business organization, as I understand it. For example, our original opinion is that it was Michoud and Natives Inc., not Michoud and Natives Incorporated. So is there a significance in the difference between Incorporated and Inc., in denominating the difference between the profit and the non-profit organization? Under Alaska law, no. Inc. indicates both for-profit and non-profit. But in this instance, was one named Incorporated and one named Inc., or do they both have the same name? Okay, may I consult with you, Mr. Breckner? Please. Okay, the original Certificate of Incorporation, I'm looking at the Certificate of Involuntary Dissolution, Excerpt 15. That has the word Incorporated written out. Right, and it clearly goes at the data. She says, however, I was one of the founding members of Michoud and Natives Inc. in 1975. And as I said, our opinion in 1995 was headed Michoud and Natives Inc., and I don't know what name was used in the administrative procedure, but I believe it was Michoud and Natives Inc., at least some of the time. Maybe I've got a silver bullet here, maybe I don't. Here it goes. A silver bullet? Well, be careful which way you're pointing the gun. Excerpt 48, we have another document from the state of Alaska referring to the new for-profit, late Michoud and Natives Inc., as formerly Michoud and Natives Inc., so the state itself abbreviates Inc., it doesn't write out Incorporated. But that's significant, isn't it, because we've got three different entities all with very similar names, and that's what really confuses me, because it looks to me like there may be an error in the state's certificate. No, and here's why. The original for-profit corporation incorporated in 1975 was given Alaska Entity Number 15009D, and that's in Excerpt 48. Well, I'm not sure that that necessarily answers my concern, because I will grant you that as far as I can tell there's only one entity number, but there are three different entity names, one of which is the non-profit, two of which are for-profits, and that's where I get confused, because it seems to me, and I'm no corporate lawyer, that there is a distinction in corporate law between for-profit and non-profit corporations. Let me deal first with the continuation of the for-profit. Okay. The for-profit was incorporated in 1975. As MnChumina Natives Incorporated, and that word was all written out, spelled out all the way to the end, not abbreviated INC. It was. Okay. It was given an Alaskan Entity Number. Incorporation was reinstated in November 2005, given the same Alaskan Entity Number, and the website, also reproduced in the excerpts, says that the reinstated corporation's inception date is 1975. But the name is different, is it not? The name in November of 2005 is now Lake MnChumina Natives, Inc., I-N-C. It is, but they approved the name change. That's what I was wondering about. Okay. But to get back to my confusion, the litigation, at the time it was terminated, was terminated in the name of the non-profit, MnChumina Natives, Inc., and that occurred in April of 2005. And that's the party that is listed as the appellant before our court. So I'm — As I interpreted the district court opinion that the court, especially disregarding the non-profit — I don't think so, counsel. I don't think so. It's different to think that it was the non-profit that was before it. Now, if that's what it thought, actually, I don't see why there was a capacity problem, because the problem at that juncture wasn't — the non-profit did exist at that point. The problem was that it wasn't the party that was in the administrative proceeding, but that would be a merits issue. That wouldn't be a capacity problem. So it's all very confused, because the district court did seem to say that its problem was that MNI is not the entity whose rights it would have the court to adjudicate. At the same time, it seemed to say it lacked capacity, and there's no reason that entity lacked capacity. It just wasn't the entity that was in the administrative proceeding. So the district court seems generally mixed up. But there was an understandable reason, because we have several different — at some point, you had two different entities, which you would have to say had the same name. In other words, MNI, Natives Incorporated, and Inc. are — the name is the same, because MNI Inc. is short for MNI Incorporated, and it's used. If you don't say that, then the entity that brought the lawsuit, which brought the lawsuit before the non-profit was even incorporated, is called Inc. in your pleadings. So it has to be that it was an attempt to use the business organization as an abbreviation. Is that your position? That's true. The original complaint in October 2004 was filed by the for-profit. By the for-profit. Yes. And then you tried to bring in the non-for-profit, and that didn't work. But your position is that that was just short for the name of the business. And is this why you changed the name, by the way? Why was the name changed? The name was changed because by the time of reinstatement, the name MNI Inc. Had been taken by the non-profit. Had been taken by the non-profit, right. So there had to be a new name. So they reinstated it under a new name. Do you know the authority under which it was reinstated? Yes. That's the reinstatement statute, which has been the focus of this law. So what about the proposal of certifying against the last response? How do we know this? How do they know that that specific statute was used? Yes. How do we know this? I don't think there's anything on this record that says specifically that. It's from the state. All right. So all we know is it was reinstated. It might have been reinstated under that particular statute. It might have been reinstated under authority of some other statute. Or it might have been reinstated under no authority. All we know is that there is a reinstatement. That's correct. I mean, there's no paperwork.  There's nothing saying under authority of X. All we have is a certificate, right? That's true. So in a sense, we don't really have an interpretation of that statute even by the Commissioner of Corporations. Well, the interpretation is the issuance of the document itself. The issuance is based on that statute. You just said to me we don't know. We had been sort of assuming that that was the authority, but there's nothing in the record, there's nothing in the public record to tell us that, in fact, the statute was authority for the reinstatement. It could have been some other statute. It could have been a federal authority. No, it could not have been some other statute. How do you know? Because under other Alaska statutes, in effect, until the new one, reinstatement was impossible. That's part of the problem. I was about to say you, but where is that from? Reinstatement is available for a couple of years. I understand this is your view of how Alaska law works, but where is it written? Well, in the Alaska statute. I don't have a policy statement from the Division of Corporations saying that. All we know is that at one point in time they refused reinstatement. A statute was then passed, and then they granted reinstatement, although if you look at the reinstatement, it doesn't really track the statute because the statute is limited to native villages. So it's not a statute that speaks to this case. So a statute is passed, and the next thing that happens is a reinstatement. You want us to infer that the reinstatement is based on the statute, and therefore that it is an interpretation by the administrative agency of what the statute means, if I read your argument correctly. But the missing link for me is I'm not sure why we have to infer that this is an interpretation of that statute. I could suggest that be briefed because you can infer that because there exists no other statute in Alaska law. But this statute doesn't work either because this statute in this case doesn't apply to your clients because it only applies to native villages. So if we are literalists about this, then this reinstatement never happened. No, in 1975, the only vehicle... Do you understand my question? You want to say it has to be the statute because it's the only thing that makes sense. That's right. But it doesn't make sense either because it doesn't really by its terms apply to your clients. I'm saying it does. I was addressing that. And why does it? It applies because of the string of statutes that were available in 1975. When a native group, which is Mnchumna Ne'ezek, when a native group wished to incorporate... It had to incorporate as a village corporation. Title 43 U.S.C. 1602J defined village corporation as one organized under the laws of the state of Alaska for and on behalf of a native village. So how do we define native village? 1602... I'm sorry, why are you citing federal law? I'm citing federal law because the Alaska statute takes the federal definition. It refers to federal law. Alaska statute refers back to federal law. That's right. So what's a native village? It's any tribe, band, group listed in section 1610. So we go to 1610. And 1610B includes the listing Mnchumna Lake. So we go back up the statutes. Mnchumna Lake is a native village, and therefore a village corporation. Even though this whole litigation has been preceded on the basis that it's not a native village, it's a native group, that's the whole issue in here, right? Well, the issue, as this argument has progressed, is how would it have been incorporated in 1975? And the only vehicle available was a village corporation. Counsel, aren't you just basically re-arguing your de facto corporation theory that the district court rejected? And I'm looking... De facto theory is gone. I'm not re-arguing that. Well, but you're basically saying that we should treat these entities as functionally the same corporation. And as I understand the change in Alaska corporation law, they did away with this whole doctrine of de facto corporations. And so we really do have to look at the specific entity. They did away with the doctrine of de facto corporations, yes. And that's the importance of the revival statute that's been focused today. I think that the particular argument you're making, at least to me, is not comprehensible unless it's written down. And maybe there does have to be another reason. But I understand you to be saying something to the effect that the way the state and federal statutes interact, and this was not apparent to me at all when I looked at the statutes, there is no category of corporation in Alaska that is a native group corporation as opposed to a native village corporation. Is that what you're saying? Even though the federal statute does have that distinction and does make that distinction. That's true. You seem to be saying that Alaska corporation law doesn't. It refers to it, but as far as, I have to say as far as I know, I don't want to go there. Let me offer this about the distinction between the corporations. Because we now have the category group corporation. And that is the federal statute. Yes. Group corporation was not added until 1988. That was not available to the appellant corporation in 1975. So what you're saying is that this began as a native village corporation because that's all there was. That's right. And since then, I'm not aware of any requirement that the native groups reorganize themselves under the federal amendments. That may have been the case in 75 or 76 when you're talking about it, but the more recent statute was passed against the background where the distinction does exist. And this is limited to native villages. It doesn't apply to native groups. So I don't know why that helps you. What the situation was. I'm sorry. Why does it help you? Well, I should say it helps. Well, my argument is that whatever purpose that distinction was intended to draw in 1988, village versus group, it has had no effect on this record. When we applied for reinstatement, it got reinstated. Well, I'm still confused about what it was that was reinstated. And as you're preparing your argument, would you please address Excerpt of Record 43, which is page 6 of the district court's opinion, in which the court set forth a full paragraph explaining why he did not think that the entity that is now before us on appeal can pursue this action. The entity that brought this appeal is the court office. But it was the nonprofit that was dismissed. You're saying he was wrong about that. That's essentially what you're saying. The decision addresses both corporations. It says the for-profit lacked capacity. The nonprofit never had a claim. That's what the court said. So after this appeal was filed, the for-profit addressed, and we say resolved, the lack of capacity question by reinstatement. So in answer to Judge Kuczynski's concerns and to the government's arguments, and given the fact that in addition to the argument that your response to the government's argument is that there's another complicated state law question about whether this is a village or a group corporation, what about the suggestion of certifying it to the Alaska Supreme Court? I don't think that's necessary because the definitions that are at the center of this case depend upon federal law. They depend upon an interpretation of the Alaska Native Claims Settlement Act. The state statute refers to the term native village corporation, but that term comes from federal law. It comes from federal law, but as it comes from federal law, it doesn't apply to you. So your argument about why it does apply to you is ultimately a question of Alaska law. It's not having to do with the history of this. Ultimately, yes, it is, but it's the interpretation of the federal. It's the meaning that appears in the federal statute. But aren't there at least the following Alaska state? I mean, if you're going to survive at all here, and another question I have is what happens if you don't? You just start all over again and reapply to the agency and relitigate the whole thing over again, because now you, if you exist at all at this juncture. But I'd like to know what you think about that. I mean, suppose we were to conclude that you weren't reinstated and there is no corporation, or at least, then what? And that is the end of the 30-year struggle. Why don't you just reincorporate now and start over again? I mean, it sounds crazy, but take the opinion you already gave and apply it to us, and we'll go back and start over again in a geek house-like situation. I suppose what we could do at this juncture is ask the State Division of Corporations for an opinion specifically citing the Alaska Revival Statute, and that would settle the question of what the authority was that the state used to reinstate the corporation. We couldn't ask for reinstatement because we already have that. The state cannot grant that remedy. So from our point of view now, our options are you rule on your current status. We remand to the district court to consider all of this, or we certify to the Alaska Supreme Court. Are those our options? Let's see. In trying to figure out this rather confused mess? I've suggested remand. The United States has suggested the certification. I'm sorry, was it the court's decision? Well, the third is we could simply rule on it as it stands before us, but we do have some record problems as has been pointed out. I guess the court could ask for additional briefing, but again, that doesn't solve the record problems. Yes. For further factual development, I suggest that a remand to the United States District Court is the most appropriate remedy. Okay. Thank you. Here we go. Thank you. May it please the court, Anna Katsalas for the Department of the Interior. I just began by asking one question. So I understand your position is that if this is a native village corporation, then there was a reinstatement and they could come forward. Yes. Respectfully, we believe that we did answer the court's question. That's your answer to the question. Well, the question is it would be retroactively applicable if this were a native village corporation that had been validly reinstated under subsection K. However, our position is that would not warrant reversal of the district court's judgment because none of this was ever presented to the district court and it wasn't before the district court when it entered the judgment that's on review. What does it mean to make something retroactive? That does seem like a little bit of double talk. If it's retroactive and it existed all along, then he was – it's like a knock, prong, tug sort of thing. He may not have known he was wrong, but in essence, he was wrong. Well, I would agree with that, Your Honor, but that wouldn't absolve the district court's judgment. I don't think that could displace the federal rules of civil and appellate procedure. There is a mechanism for presenting new factual developments to district courts and that hasn't been followed here. They have pursued an appeal from a judgment entered on a completely different record than the one that is before this. But we do fairly regularly deal with changed circumstances on appeal when it comes to our attention in a cognizable fashion. Changes in the law are certainly a recommended exception. Well, that's correct, Your Honor, and this court – I mean, this court has stated in its opinions that it has discretion to consider a new issue when it's a change in the law that does not require development of a new factual record. And this is new facts, and MNI acknowledges that in their reply brief on page 5. They say, we cannot assert – But fairly routinely, for example, we have a district court opinion and something happens in the meanwhile, and somebody comes to us and says, the case is now ruled, and introduces some information. And what we usually do is remand to the district court and say, look at this again. And we could do that here, couldn't we? Well, I think, Your Honor, there – I mean, there is a distinction between a situation where a case is new, because that goes to the court's jurisdiction to hear a case. Here, this would seem if there's any – if there's any basis for a remand here, it would be in a relief-from-judgment situation, and this court has a procedure for that. They – the plaintiff suggested remand for the person. Well, but then there's this twist, which is that if this statute applies, which we need to get to, it purports to be retroactive, and it purports essentially to say, not only does it exist now, but it always existed. Right. And therefore, it isn't a question of changing the circumstances now and saying the circumstances in essence were different then. Well, our position and my understanding is that it would be retroactive substantively, in that the rights and obligations of the corporation would be as if the corporation had not dissolved. But that doesn't absolve the requirement to follow proper procedure and to present it to the district court. I mean, the Alaska statute does not purport to and could not absolve a federal district court of judgment. The retroactivity question, your position then is that having been restated, the retroactivity wouldn't arise. Substantively, yes, Your Honor. But here, this has not been presented to the district court. But we could present it by the district court by saying, we've been informed that something has changed about this. We're sending it back to you. You now decide in the current circumstances whether you still think there is or isn't a viable corporation. Is there any reason not to proceed that way? Well, we would suggest that this court, in that instance, would follow the procedure in its pooled versus mutual life insurance company in New York. And that's 790 F. Second, 769, Ninth Circuit, 1986. In that case, this court found that where there is a situation where relief from judgment should be presented to a district court after an appeal has been taken, the proper procedure is for the parties seeking that to ask the district court whether it would entertain or grant the motion. And then, if appropriate, ask this court for a remand. And that would be the appropriate, I think, situation here if MNI would like to pursue that option. But here, the difficulty that we are facing is that they have taken an appeal from a judgment and they've not presented any issue that was before the district court. And their sole argument is based on documents that were not before the district court. And so that's our difficulty here. All right. But one way or another, we could get it back before the district court, either by us remanding it or by us telling us that they have to ask the district court first. But one way or another, the district court could be asked for its views on these questions. Is that how we should proceed? You suggest in your papers that we should certify it to the Alaska Supreme Court. Well, to clarify, we suggest that certification may be appropriate for whatever court, if that court determines that the language is in some way ambiguous. You happen to know whether a district court can certify a case under Alaska? Yes. Yes. Under the Alaska rule provides for a district court or a court of appeals to certify a case. You know, you raise this question about how we get this back to the Supreme Court, whether we use this procedure or that procedure. You seem to be sort of stuck on this. Let's get past it, you know. I still don't understand your position. I mean, if your position is that, in fact, this was a reinstatement, and therefore the retroactivity provision applies, I'm not sure what even is the point of remanding this district court. You have sort of given up the argument. You have said they are reinstated. They have been reinstated and they've always been in existence, as if they've never been dissolved. But respectfully, Your Honor, we have not conceded or given up that argument. I thought I heard you give it up just five minutes ago. No, no, no. I was responding to assuming this was a valid reinstatement of a native village corporation. I didn't ask that question. I was very careful not to ask that question in those terms. I said, assume that they were reinstated. Right, assuming they were. I didn't say anything like valid reinstatement or native village corporation or anything of that sort. Assuming they were reinstated. Okay, well. Does retroactivity provision apply to them? And you are quick to say yes. Assuming they were validly reinstated. I didn't say anything about that. Well, that is my interest. Okay, assuming they were validly reinstated. Fine, assuming they were validly reinstated. We can't second guess the commission of corporations. If the commission of corporations says they are reinstated, they are reinstated. Do we have authority to second guess that decision? Well, respectfully, I think that the court can question that. Why? How? Well, we addressed that in our supplemental brief, and that goes back. We looked at cases even before the state had abolished the de facto corporation doctrine. And the court recognized that in analyzing de facto claims, that certain defects could be so serious as to prevent even the existence of a de facto incorporation. And one such defect is the lack of a valid constitutional or statutory basis for the corporation's existence. And that's the defect that is here. I understand. This is a question of state law. Correct. Okay, if the state of Alaska wants to make this a corporation, so its organs of government chooses to designate something a corporation, it's a corporation. I don't understand how we can go back and say, oh, no, you misapplied state law. We know better than you do what state law says. This is not a corporation. Well, that's why we suggest first, first our position. No, no, I'm asking how we have authority to do it. I'm not asking procedure here. Where do we get the authority to tell the commissioner of a corporation, you know, you didn't do your job right? Well, from the Alaska state case law where they have permitted challenges to corporate existence. But this is not an Alaska state court. This is a federal court. Have you noticed? Yes. It says federal courthouse on the building. Right. Okay, sure, state courts can second guess what an administrative agency of the state does under state law. But how can we second guess it? Well, because this court has the authority to apply state law when state questions are before it. But we do think that if this court decides... That doesn't answer my question. Of course if a state question is before us, we can apply state law. But that's not my question. We have an action of the commissioner of a corporation that says this is reinstated. Where does it come before us to say, no, the commissioner did the wrong thing? The commissioner goofed. By interpretation of the state statute, which by its plain terms... So let's say we disagree with the commissioner. So what? We're not given authority to incorporate state, to say what a corporation is under state law. How do we get authority to review that decision? By finding that there's a lack of a statutory basis for the corporation's existence. I don't think you're answering my question. How do we get the authority? Let's say there is no statutory basis. We can't imagine a statutory basis. We can't find one. How do we get authority to second guess what the commissioner of a corporation did? Do we have administrative review of the commissioner's... Are we reviewing court for the commissioner of a corporation? Well, no. So how do we get authority? Why isn't this something that we are bound by? We're a federal court. A state agency says this is a corporation. How do we get to second guess that? Well, it seems to us that the authority comes from... And I don't have any additional answer to it than the ones that I've already given. It's a pretty basic question. Where do we get the authority? Well, the court has the authority to interpret the statute. But this is a... We can interpret all we want. The question is where do we get authority to reverse, to second guess, to review a decision by a state agency acting under a state authority? I don't know how I can make myself any clearer than I have. Well, I don't know an answer in terms of a statute. If we don't have authority, then you're really sort of spitting in the wind. Then we have to accept the reinstatement as a given. And that still gets us to the retroactivity question. Now, that we can answer. And that's a question you don't answer in your brief. Assuming that this is a reinstatement, which I don't think we have any authority to second guess, is this corporation entitled to the benefit of a retroactivity clause? Well, I respectfully, Your Honor, I... The answer that we have found is that there are cases finding that corporations do not exist because they are not on a basis... You know, I've looked at those cases. They don't help you. I don't think we should take any more time on that. Assume that the corporation exists. There's nothing we can do about it. Assuming... What is your answer on the retroactivity question? Are we bound by the... Assuming the corporation has been reinstated, Your Honor, validly reinstated, I will add, then we think that it is retroactive, substantively. And again, no. You know, I don't see why you're saying that. Because, of course, it could be reinstated. But if it doesn't apply to the terms of the statute, we don't have to say it's retroactive, that it gets the benefits of the statute. We don't even know why the commission reinstated it. We don't know that it's according to authority of the statute. Right. None of this has been before. This is the first time that we are addressing this at all. And it seems to us that, yes, the statute makes it retroactive when it reinstates a corporation. If this was reinstated under that statute. Yes, which we don't know. We know that it was reinstated. Right, which we don't know. And the Alaska law pertaining to ANCSA corporations only provides for the... Well, what about your opponent's explanation, if there's a historical explanation for this? Which is very hard to evaluate without a writing. But he seems to be saying that until 1988, there was no concept of native fruit corporation. It was only a concept of native village corporation. And that this was originally a native village corporation because that's all that was available. And therefore, when it was reinstated, it was reinstated as such. Does that make sense? No, Your Honor. Respectfully, the statute upon which they rely was amended in 2005, well after the amendments had taken effect. The question was whether it was restated as what it was before. Well, it was never a village corporation. You're saying it was, and you say it isn't. How do we determine that? Well, they are relying on 43 U.S.C. 1602J, which is the definition of a village corporation, but they've only read half of the definition to this court. I'm sorry, native village. Here's a historical question. This was incorporated in 1975. Right. Was it incorporated as one of these things? Was it incorporated as a native village corporation then? Do we know? Is there anything in the record to tell us that? There's nothing in the record to tell us that, Your Honor. We don't know. Correct. And that has to exist in 1975? Of a native group? That I'm not aware of. Village corporation. Village corporation? Yes. I believe so, Your Honor, but I'm not well aware. Did group corporation exist in 1975 or did it come into existence in 1988? Group corporation was in existence before, before 1988, yes, I believe. I mean, the regulations, the regulations providing for native group eligibility were promulgated in the 70s, and the native group applications for eligibility were due by December 31st, 1976. So native groups were in existence then. Groups were, but were group corporations. Well, I mean, the statute, I believe so, Your Honor. I'd have to check it, but the relevant provision is 43 USD 1613 H2, and that provision provided that the secretary may withdraw and convey to a native group that does not qualify as a native village if it incorporates under the laws of Alaska, title to the surface of state, and not more than 23,000 acres surrounding the native group's locality. It was understood that they had to incorporate in order to pursue this, and they were, I mean, here's the timeline. They received a certificate that they were not eligible as a native village in 1973. They incorporated for the purpose of seeking benefits as a native group in 1975. The distinction existed at that time, Your Honor. And furthermore, I would like to go back. I mean, it seems to me that they are suggesting they are within the definition of native village, and they referred this court to Section 1610, because they say native village means any tribe, band, clan, group, village, community, or association in Alaska listed in Section 1610 and 1615. Well, 1610 does list Lake Mechumena, but 1610 too required the secretary, within two and one-half years from December 18, 1971, to review all of the villages listed in 1610, and a village shall not be eligible for land benefits if it had less than 25 natives on the critical date in 1970. And there's no dispute that they had less than 25 natives on that date. So they do not, native group is a very distinct entity under ANCSA from native village. And here, when you look at the state statute, you also, I think, need to look at subsection I of the SAM provision. Which provided for reinstatement of native groups, which is an umbrella term under ANCSA, until 1995. If they had intended to extend that period for all native corporations until 2006, they would have amended that section, but they didn't. They amended subsection K, which provided only for the reinstatement of native village corporations. MNI was never a native village corporation. It was incorporated in 1975 for the purpose of seeking benefits of the native group. So they do not fall within the statute. So your response is that what we do is we set aside the reinstatement? Well, our first preference, Your Honor, is that this court not reach this issue at all. Because this is not before, I mean, it's not in the record. And we think that actually it seems to us they're proceeding. Okay. I assume we don't buy that argument. Okay. So what's the next preference? So let's say we reach the question. What do we do? We set aside the commissioner's designation? Well, it seems to us to find that they're without a statutory basis, so it has no legal effect. Why can't lawyers just give me a yes or no answer? Do you want us to set aside the, is that what you're asking us to do? The commissioner has a reinstatement. He wants to take this and undo it. That's what, if we reach the question, that's what we should do in your judgment. Yes or no? Well, undo, I mean, I interpret what we're saying. Revoke the reinstatement. Notify. Well, we find it void or find it lacks legal effect. They don't fall within the statute, it appears to us. Notify. I mean, what you want us to do is undo what the commissioner of corporations did. Well, yes, but first we think the court should not reach it. I got that part. And where's the authority for us to do that? Well, I think you've asked that to me before, and the best answer I have is that the Alaska courts have in the past invalidated or found invalid. But that's not the question. Right. It's a question, isn't it? I understand if somebody challenged the existence of a corporation, they can invalidate the corporation, but that's not the issue. The issue is whether a corporation has a piece of paper that says we're a corporation, has a capacity to sue under Alaska law because that's what governs under Rule 17, right? The capacity of the corporation to sue or be sued shall be determined by the law under which it was organized. So the issue is not whether Alaska, this could be invalidated in Alaska, but whether if somebody showed up in an Alaska court with this piece of paper saying we're a corporation, somebody could say you don't have the capacity to sue. Is there any case law that you've given us that has answered that question? No, Your Honor. We haven't found it. So you have no law that says if there was a mistake made in approving the existence of a corporation, that that corporation lacks capacity to sue. Isn't that the only question before us? Yes, Your Honor, and we have not found a case on point, which is why if this Court is going to reach it, we think that certification is an appropriate question, appropriate method here. We acknowledge that this is an unusual question of state law, and we have not found a decision on point. So the question that you want to certify is not so much this village group business. The question, right, is what is the legal effect of this? What is the illegal effect of this? No, it's not what's the legal effect. The only issue before us is what is their capacity to maintain a lawsuit while they have a piece of paper, saying they're a corporation, and also the retroactivity issue. And with, well, with a statute that does not appear to provide for their reinstatement, because corporations. No, I understand that. So that's why the question is does the validity of the decision to give them this piece of paper matter with regard to their capacity to maintain a lawsuit? I think that's correct, Your Honor. Okay. Thank you. I think you're out of time. The case is argued with testimony. We acknowledge that. All rise. The case is argued with testimony.
judges: Kozinski, Berzon, Tallman